Elwood J. Muldoon v. Commissioner.
Muldoon v. Commissioner
Docket No. 2107-70 SC.
United States Tax Court
T.C. Memo 1971-213; 1971 Tax Ct. Memo LEXIS 118; 30 T.C.M. (CCH) 873; T.C.M. (RIA) 71213; August 25, 1971, Filed Elwood J. Muldoon, pro se, P.O. Box 271, Pontiac, Mich.Ralph F. Keister, for the respondent. 874 CALDWELL
Memorandum Findings of Fact and Opinion CALDWELL, Commissioner: Respondent determined a deficiency in the income tax of the petitioner for each of the calendar years 1966 and 1967, in the respective amounts of $347.40 and $487.58. The issues presented for decision are: (1) *119 whether petitioner is entitled to a deduction for 1966 for a loss arising out of the theft of a canoe and its contents in that year; and (2) whether petitioner is entitled to dependency deductions for his son and daughter, Elwood Muldoon, Jr., and Shellie Ann Muldoon, for each of the years involved. An adjustment made by respondent for 1967, disallowing a portion of the deduction for real estate taxes claimed by petitioner on his return for that year, was not contested in the petition and was expressly conceded by petitioner at the trial herein. Findings of Fact Some of the facts were stipulated. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. Petitioner is an individual who resided in the state of Michigan at the time he filed his petition in this case. He filed an individual income tax return for each of the years involved with the district director of internal revenue at Detroit, Michigan. Re: Casualty Loss On or about September 10, 1966, a canoe and its contents, owned by petitioner, were stolen from a beach on petitioner's property at Shady Beach, Michigan. The canoe that was stolen was a 17 foot aluminum canoe, *120 which petitioner had purchased new in 1962 at a cost of not less than $200. The value of the canoe at the time of the theft was $200. The contents of the canoe were a chain, three locks, two spinning rods and spinning reels, tackle box and bait, three life preservers, and two paddles. The evidence of record does not establish when the foregoing items of contents were purchased; the purchase price of any of them; or the value of any of them at the time of the theft. Petitioner deducted $229 as a casualty loss on his return for 1966, which the respondent disallowed in its entirety, for lack of substantiation. Re: Dependency Deductions Petitioner and Virginia Mae Muldoon were husband and wife until June 9, 1965, when they were legally divorced by decree of the Circuit Court of Oakland County, Michigan. Petitioner and Virginia Mae Muldoon were the parents of three children: Virginia, Elwood, Jr., and Shellie Ann. During the taxable years 1966 and 1967, the children were in the custody of Virginia Mae Muldoon. Petitioner had and exercised rights of visitation with his two younger children, Elwood, Jr., and Shellie Ann, who were aged 12-13, and 6-7, respectively, during the years *121 here involved. Such visitations were from 12:00 until 6:00 P.M., on Saturday or Sunday of each week. During such visitations, petitioner and the children would have a meal together, after which they would visit a nearby airport, or (more frequently) go to petitioner's lakeside home. When a more substantial meal was taken, the cost would approximate five or six dollars for the three individuals. On some of the visitations, petitioner would prepare a barbecue at his lakeside home, instead of eating out. The evidence of record does not establish the number of times when petitioner and the children ate at drive-ins, at other restaurants or at home. Under the terms of the divorce decree, petitioner was obligated to pay to the Friend of the Court of Oakland County $20 per week for the support of each child, until such child reached the age of eighteen years. The oldest child, Virginia, became 18 years old on August 24, 1965, and petitioner made no support payments with respect to her for the years 1966 and 1967 which are here involved. During 1966, petitioner paid to the Friend of the Court $1,430 for the support of Elwood, Jr., and Shellie Ann; and during 1967, he paid the Friend of *122 the Court $1,310 for that purpose. In addition to the foregoing payments made by petitioner to the Friend of the Court, he paid to his former wife, Virginia Mae Muldoon, $1,692 for "back support," on or about March 14, 1967. That payment was made in the following circumstances. In an "Order for Immediate Sale of Property, Settlement of Property, and Appointment of Receiver," filed on October 7, 875 1966, the Oakland County Circuit Court, at the instance of petitioner's former wife, directed that the house formerly occupied by petitioner and his former wife be sold and from the proceeds, there be paid to the former wife $1,692.00 "due and owing as delinquent child support as of July 21, 1966." The evidence of record in this case does not establish either the amounts contributed by Virginia Mae Muldoon for the support of Elwood, Jr., and Shellie Ann, or the total amount expended for the support of those children, for either of the years 1966 and 1967, which are here involved. Petitioner claimed dependency deductions for Elwood, Jr., and Shellie Ann for each of the years 1966 and 1967. Respondent disallowed those deductions. Opinion Re: Casualty Loss We are satisfied *123 that a theft did take place as contended by the petitioner, and counsel for the respondent stated at the trial that he too was satisfied that theft had taken place. Thus, to the extent that petitioner has established the value of the items stolen in the amount of $200 or more, he is entitled under section 165 of the Internal Revenue Code of 1954 to a deduction. In our best judgment, petitioner has established that the value of the aluminum canoe, which was taken, was $200 at the time of the theft. However, he has failed to establish the value of the other items which were stolen. We therefore hold that he is entitled to a deduction of $100 for 1966, being the value of the canoe in excess of the $100 limitation provided in section 165(c)(3). Re: Dependency Deductions For 1966. - In order to be entitled to the dependency deductions claimed by petitioner for Elwood, Jr., and Shellie Ann, he must establish that he furnished over half of their support for that year. An essential element of petitioner's case is the amount of the total support furnished for those children. The record does not permit a finding of the total support, and for that reason we cannot *124 find that the support furnished by petitioner exceeded half of the total support. We accordingly hold that petitioner is not entitled to dependency deductions for Elwood, Jr., and Shellie Ann for 1966. For 1967. - Effective for the year 1967, Congress enacted section 152(e) of the Code which in substance provides that a parent (such as petitioner) who does not have custody of children for whom he claims dependency deductions, shall be treated as having provided over half of their support if he "provides $1200 or more for the support of such child (or if there is more than one such child $1200 or more for all of such children) for the calendar year" and if the parent having custody (as did petitioner's former wife in the instant case) "does not clearly establish that he provided more for the support of such child during the calendar year than the parent not having custody." As our findings make clear, petitioner paid to the Friend of the Court of Oakland County, Michigan, $1,310 for the support of Elwood, Jr., and Shellie Ann, an amount which exceeds the $1,200 required by the statute. The evidence contains no indication of the amount expended for their support by petitioner's former *125 wife, and therefore it has not been clearly established that she furnished more support than did the petitioner for 1967. It is true that petitioner was entitled under section 152(e)(3) to receive from his former wife an itemized statement of the expenditures upon which she based her claim for the children's support, if indeed she did claim them as dependents for 1967. It does not appear that petitioner made a request for that information from his former wife. However, the regulations under section 152(e), plainly state that "A failure to make such a request shall not affect the right of the first parent to claim the child as a dependent." Income Tax Regs. Section 1.152-4(e)(1)(i). The $1,692 which petitioner paid to his former wife in 1967 for "back support" of the children up to July 21, 1966, cannot be treated as support for either 1966 or 1967. That amount constitutes reimbursement to petitioner's former wife for amounts which she expended for the children's support during the period prior to July 21, 1966. Thomas Lovett, 18 T.C. 477. We hold that petitioner is entitled to dependency deductions for Elwood, Jr., and Shellie Ann for 1967. Reviewed and adopted *126 as the report of the Small Tax Case Division. Decision will be entered under Rule 50. 876